# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| ELIZABETH L. GOLDBERG; MYRIAM RALSTON; JOHN RALSTON; HANNAH ROHER; BENJAMIN ROBERTS; JOSHUA C. TOHN; MARIA HAGEN; and CHRISTINE SAJECKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKYLINE TOWER PAINTING, INC.; and TELEVISION TOWER, INC.<br><br>Defendants. | CIVIL ACTION NO.: 1:23-cv-1708<br><br>Removed from the Circuit Court for Baltimore City, Maryland<br>Case No. 24-C-23-002263 |

## NOTICE OF REMOVAL

Defendants Television Tower, Inc. ("TTI") and Skyline Tower Painting, Inc. ("Skyline") (collectively, "Defendants") hereby file this Notice of Removal to remove this case from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). As grounds for removal, Defendants state the following:

### PROCEDURAL REQUIREMENTS FOR REMOVAL

1. Plaintiffs Elizabeth L. Goldberg, Myriam Ralston, John Ralston, Hannah Roher, Benjamin Roberts, Joshua C. Tohn, Maria Hagen, and Christine Sajecki (collectively, the "Plaintiffs") filed the Complaint in this putative class action on May 10, 2023, in the Circuit Court for Baltimore City, Maryland, Case Number 24-C-23-002263.

2.	Plaintiffs served the Complaint on Skyline on May 24, 2023, and TTI accepted service of the Complaint on May 31, 2023. Because Defendants have filed this Notice of Removal within thirty days of service of the Complaint, the Notice of Removal is timely under 28 U.S.C. § 1446(b).

3.	True and correct copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits A–I.

4.	The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the Circuit Court for Baltimore City, Maryland, where this action was originally filed, is within the federal judicial district for the District of Maryland, Northern Division.

5.	In accordance with 28 U.S.C. § 1446(d), Defendants will promptly serve written notice of the filing of this Notice of Removal on Plaintiffs' counsel and file this Notice of Removal (excluding exhibits) with the Clerk of the Circuit Court for Baltimore City, Maryland.

## SUBJECT MATTER JURISDICTION

6.	This Court has subject matter jurisdiction over this civil action under CAFA, which provides that a putative class action may be removed on the basis of diversity jurisdiction where:

 a. The suit is a class action "filed under rule 23 of the Federal Rules of Civil Procedure or a similar State statute," 28 U.S.C. § 1332(d)(1)(B);

 b. "[A]ny member of a class of plaintiffs is a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A);

 c. The class members' claims, in aggregate, exceed the sum or value of $5,000,000.00 exclusive of interests and costs, *id.* §§ 1332(d)(2) & 1332(d)(6); and

 d. The number of members of the proposed class exceeds 100, *id.* § 1332(d)(5)(B).

**This case is a "class action" as defined by CAFA.**

7.    CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8.    Plaintiffs bring this action as a putative class action under Maryland Rule 2-231. *See* Complaint ¶ 68.  Rule 2-231 is similar to Federal Rule of Civil Procedure 23. *Silver v. Greater Baltimore Medical Center, Inc.*, 248 Md. App. 666, n.6 (2020) (explaining "the text of Md. Rule 2-231(c) tracks" the text of Federal Rule of Civil Procedure 23); *Ford Motor Co. v. Ferrell*, 188 Md. App. 704, 719 (2009) ("Maryland Rule 2-231 and Federal Rule of Civil Procedure . . . 23 are similar").  This case is therefore a "class action" as defined by CAFA.

**Plaintiffs and Skyline are citizens of different states.**

9.    CAFA requires minimal diversity, which is established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10.   Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  Skyline is a corporation organized under the laws of Colorado with its principal place of business located at 250275 Highland Road, Scottsbluff, NE 69361.  Complaint ¶ 8.

11.   A person is deemed a citizen of the State in which the person is domiciled. *Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994). Plaintiffs are all residents of Baltimore City and own property in Baltimore City.  *See* Complaint ¶¶ 1–5 (stating that each plaintiff "resides"

at a Baltimore address). One's place of permanent residence is generally also the place of domicile, absent additional facts demonstrating an intent to be domiciled elsewhere. *See e.g., Bainum v. Kalen*, 272 Md. 490, 497 (1974) (explaining a person's domicile is the place where they have a "true, fixed, permanent home . . . without any present intention of removing therefrom, and to which place he has, whenever he is absent, the intention of returning") (citations omitted). Accordingly, as alleged, at least one of the named Plaintiffs is domiciled in a state other than Colorado or Nebraska.

12. CAFA's diversity requirement is satisfied because there is diversity of citizenship between the named Plaintiffs and Skyline.

**The amount in controversy exceeds $5,000,000.00.**

13. CAFA provides for original jurisdiction where the amount in controversy "exceeds $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

14. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) ("Because no antiremoval presumption attends cases invoking CAFA, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" at the time of removal). In determining whether the amount in controversy exceeds the $5,000,000 jurisdictional threshold, the appropriate measure is not the amount of damages plaintiffs will ultimately recover, but rather the alleged amount in controversy. *Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 631–32 (4th Cir. 2007).

15. The Complaint here facially pleads an amount in controversy that exceeds $5,000,000.00. Plaintiffs seek to bring this action on behalf of a class consisting of "all real property owners whose property is located within a 4000-foot radius of the TV Tower on or after May 28, 2022." Complaint ¶ 69. Plaintiffs further state "[a]lthough the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number consists of at minimum 300 property owners . . . ." Complaint ¶ 70.

16. Plaintiffs allege that TTI and Skyline entered into an arrangement whereby TTI would pay Skyline in exchange for Skyline's services to repaint its television tower. Complaint ¶¶ 16, 24. Plaintiffs further allege that as a result of Skyline's conduct, lead paint chips fell from TTI's property onto properties owned by Plaintiffs and the proposed class members, resulting in damage to property and property values, including costs of abatement. Complaint ¶¶ 30, 35–37; 71, 85, 99, 112, 121. The Complaint, accordingly, asserts four causes of action (by Plaintiffs and on behalf of the more than 300 proposed class members) for negligence against TTI and Skyline individually, negligent hiring, retention and supervision, and strict liability. Complaint ¶¶ 75–125. For each count, Plaintiffs seek damages in excess of $75,000 per Plaintiff and the more than 300 proposed class members they seek to represent. Complaint ¶¶ 87, 101, 113, 125. On the strict liability count, Plaintiffs also seek punitive damages in excess of $75,000 per Plaintiff and the more than 300 proposed class members they seek to represent. Complaint ¶ 125. Plaintiffs further seek injunctive relief, but do not specifically state what such relief would entail. Complaint ¶¶ 126–129 (requesting injunctive relief and explaining that Plaintiffs' properties will be irreparably harmed unless defendants are compelled to remediate lead contamination of Plaintiffs' properties, but not describing what measures the Court's injunction should require). As Plaintiffs have not specified the nature of the injunctive relief they are seeking, an exact

estimate of any potential injunction's value is not possible, but on information and belief and in light of the allegations concerning more than 300 potentially impacted residences, it would be substantial. Complaint ¶¶ 126–129.

17. In addition to the undefined demand for injunctive relief at more than 300 residences, the total compensatory and punitive damages sought by each Plaintiff and the more than 300 proposed class members they seek to represent is in excess of $5,000,000. The amount of damages and costs of injunctive relief demanded per 300 proposed class members would only need to be $16,666.67 to satisfy the jurisdictional amount in controversy requirement, and the amount put in controversy by the Complaint here well exceeds that amount. Plaintiffs have facially pled sufficient facts to satisfy the $5,000,000 jurisdictional amount in controversy requirement.

### The putative class includes at least 100 members.

18. CAFA applies to class actions that are comprised of 100 or more class members. 28 U.S.C. § 1332(d)(5)(B).

19. The Complaint alleges that the putative class includes at least 300 real property owners in Maryland. Complaint ¶ 69. Based on the allegations in the Complaint, the number of members of the proposed class is well over 100.

WHEREFORE, Defendants Television Tower, Inc. and Skyline Tower Painting, Inc. respectfully request that the above-captioned action now pending in the Circuit Court for Baltimore City be removed to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and that this Court assume jurisdiction and enter any other relief the Court deems necessary to effectuate removal.

DATED: June 23, 2023

Respectfully submitted:

By: _____/s/_____
Chelsea J. Crawford (Bar No. 19155)
ccrawford@browngold.com
Andrew D. Freeman (Bar No. 03867)
adf@browngold.com
James O. Strawbridge (Bar No. 20005)
jstrawbridge@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030

*Attorneys for Defendant Skyline Tower Painting, Inc.*

By: _____/s/_____
Roy D. Prather III (Bar No. 20157)
rprather@bdlaw.com
Pamela D. Marks (*pro hac vice* to be submitted)
pmarks@bdlaw.com
Collin Gannon (Bar No. 22142)
cgannon@bdlaw.com
BEVERIDGE & DIAMOND, P.C.
201 North Charles Street, Suite 2210
Baltimore, Maryland 21201-4150
(410) 230-1300

James B. Slaughter (*pro hac vice* to be submitted)
1900 N Street, N.W., Suite 100
Washington, DC 20036
(202) 789-6000
jslaughter@bdlaw.com

*Attorneys for Defendant Television Tower, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, on this 23rd day of June, 2023.

*/s/ Chelsea J. Crawford*
Chelsea J. Crawford