IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIZABETH L. GOLDBERG, *et al.*,

    Plaintiffs,

v.

SKYLINE TOWER PAINTING INC., *et al.*,

    Defendants.

Civil No. 1:23-cv-01708-JRR

## MEMORANDUM OPINION AND ORDER

Pending now is Defendants Skyline Tower Painting Inc. and Television Tower, Inc.'s Joint Motion for Stay of Remand Order Pending Appeal (ECF No. 33; the "Motion"). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On May 10, 2023, Plaintiffs initiated suit in the Circuit Court for Baltimore City alleging that they "sustained property value depreciation as a result of lead contamination caused by the wrongful and negligent conduct of Defendants." (ECF No. 5 at p. 2.) On June 23, 2023, Defendants removed the action to this court. (ECF No. 1.) Plaintiffs subsequently filed a motion to remand (ECF No. 13), which this court granted. (ECF Nos. 23, 24.) On March 21, 2024, Defendants filed petitions for permission to appeal with the Fourth Circuit. (ECF Nos. 33-1, 33-2.) Defendants now move this court to stay the remand of this action to the Circuit Court for Baltimore City pending resolution of their appeals before the Fourth Circuit. (ECF No. 33.) Plaintiffs oppose the Motion. (ECF No. 34.)

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The decision to issue a stay is "an exercise of judicial discretion," and the party seeking a stay "bears the burden of showing that the circumstances justify an exercise of that discretion."

*Id.*  The court's judgment is to be "guided by sound legal principles."  *Id.*  "The propriety of [a stay's] issue is dependent upon the circumstances of the particular case." *Id.* (quoting *Virginia Ry. Co.*, 272 U.S. at 652–73).  Accordingly, the court considers the following factors in its analysis: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The first two factors—likelihood of success on the merits and the risk of the applicant's irreparably injury—"are the most critical."  *Id.*  The party seeking the stay must show "more than mere possibility" of these critical factors.  *Id.* (citations omitted).

With respect to the first factor,[1] Defendants argue that they are likely to succeed on the merits on appeal because the appeal presents an issue of first impression for the Fourth Circuit and by re-asserting their arguments raised in opposition to Plaintiffs' motion to remand.  (ECF No. 33 at p. 5–7.)  Where Defendants "largely rehash[] arguments" that the court rejected in its decision to remand or base their argument on the "lack of authority in this Circuit" on the disputed issues, they fail to "establish a strong showing of likely success on the merits."  *McFarland v. Cap. One, N.A.*, No. CV TDC-18-2148, 2019 WL 5079777, at *3 (D. Md. Oct. 10, 2019).

This court "considered [D]efendants' arguments at length and rejected them in its Memorandum Opinion."  *Mayor & City Council of Baltimore v. BP P.L.C.*, No. CV ELH-18-2357, 2019 WL 3464667, at *5 (D. Md. July 31, 2019).  Quoting Judge Hollander on this topic, "the [c]ourt's analysis and conclusions were thoroughly presented in its Memorandum Opinion."  *St.*

---

[1] For the sake of efficiency, the court will direct its attention to Defendants' argument that they will likely succeed on the merits on appeal as opposed to the parties' disputes with respect to the timeliness of Defendant's request to appeal and the Fourth Circuit's standard of appellate review of this court's order.

*Michael's Media, Inc. v. Mayor & City Council of Baltimore*, No. CV ELH-21-2337, 2021 WL 4898176, at *6 (D. Md. Oct. 19, 2021).  Further, while the court notes Defendants' reliance on *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995) (finding the first factor weighed in favor of granting a stay where the issue on appeal was a matter of first impression in this Circuit), it is more persuaded by the reasoning employed by this court in *McFarland*.  "It does not follow from the fact that the issue on appeal is a matter of first impression in this Circuit that [Defendants'] position is likely to prevail," let alone that Defendants' have made a "strong showing" that they are likely to succeed on the merits. *McFarland*, 2019 WL 5079777, at *3.  *See Nken*, 556 U.S. at 434, *supra*.  Accordingly, the court finds that the first factor is at most neutral, and Defendants fail to demonstrate a "strong showing" of likelihood of success on the merits on appeal.

With respect to the second factor, Defendants contend they will suffer irreparable harm because "[r]esources will be expended that can't be recovered and motions critical to the outcome of the case," such as proposed class certification, "will be heard under state rather than federal rules and decided in the same forum."  (ECF No. 33 at p. 7.)  Defendants further state that a stay would avoid "the confusion that would result should the state court make a ruling prior to the Fourth Circuit determining that this case should properly proceed in federal court." *Id.* at 7–8.  Defendants simultaneously posit that a stay will not cause undue delay because Section 1453(c)(2) allows for expedited appellate review. *Id.*

"[M]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" to entitle Defendants to weight on the second factor. *Long v. Robinson*, 432 F.2d 977, 980 (4th Cir. 1970). *See Mayor & City Council of Baltimore*, 2019 WL 3464667, at *5 ("Nor have defendants shown that the cost of proceeding with

3

litigation in state court would cause them to suffer irreparable injury."). Argument that a party would incur the expense of unnecessary motions practice if it were forced to litigate in the state court during the appeal "is inconsistent with the United States Supreme Court's holding that '[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *McFarland*, 2019 WL 5079777, at *3 (quoting *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974)). Moreover, an "appeal would only be rendered moot in the unlikely event that a final judgment is reached in state court before the resolution of their appeal. This speculative harm does not constitute an irreparable injury." *Mayor & City Council of Baltimore*, 2019 WL 3464667, at *5.

Defendants' argument that they will suffer irreparable harm is not compelling for two primary reasons. First, Defendants' argument is not supported by the case law: the Supreme Court, the Fourth Circuit, and this court have previously found normal litigation expenses do not constitute irreparable harm, and an appeal would only be rendered moot after entry of final judgment in the state court. Indeed, the notion that final judgment, or even a ruling on class certification as Defendants contend, would be entered before resolution of the matter for which Defendants seek (statutorily) expedited review is, at best, fantastical given the pace of litigation generally, and specifically in the Circuit Court for Baltimore City given the fact that its docket in terms of volume outpaces every court in the state. This is further bolstered by Defendants' repeated assertion that the appellate review will not cause "undue delay." (ECF No. 33 at p. 7.) Second, "this case is in its earliest stages," and "even if the remand is vacated on appeal, the interim proceedings in state court may well advance the resolution of the case in federal court. After all, the parties will have to proceed with the filing of responsive pleadings or preliminary motions," as well as discovery, "regardless of the forum." *Mayor & City Council of Baltimore*, 2019 WL 3464667, at *6. The court

4

thus finds that the second factor does not weigh in favor of a stay. Accordingly, the "most critical" factors in the court's analysis do not support entry of a stay, and the Supreme Court's decision in *Nken* indicates that the stay analysis turns to the final factors only "[o]nce an applicant satisfies the first two factors." *Nken*, 556 U.S. at 435. However, for the sake of completeness, the court will address the remaining factors.

The final factors concern "assessing the harm to the opposing party and weighing the public interest." *Nken*, 556 U.S. at 435. In *McFarland*, this court weighed the third factor—harm to the opposing party—where the defendant argued that any delay would be brief and harm would therefore be minimal. 2019 WL 5079777, at *3. The court reasoned: "[b]rief or not, this case's detour into federal court has already delayed the state court litigation by more than one year, dating back to the original removal of this case in July 2018. A stay of the remand order pending resolution of the appeal would extend this delay even further." *Id*. Thus, the court concluded the defendant had failed to meet its burden to demonstrate that the plaintiff would not be harmed by a stay of the remand. *Id*. This court similarly concludes Plaintiffs would be harmed by the continued delay of this litigation. Plaintiffs filed the action in state court on May 10, 2023, and through the removal and remand process, have had to wait (and still are waiting) almost a year to advance this case. (ECF No. 1 ¶ 1.) A stay would continue to delay resolution of this action. This harm to Plaintiffs, however, may be somewhat, certainly not fully, mitigated by the expedited appellate review pursuant to 28 U.S.C. § 1453(c)(1). (ECF No. 35 at p. 7.)[2] Regardless, the third factor does not weigh in favor of a stay given the comparative harm to Plaintiffs were a stay issued.

Finally, Defendants argue that the fourth factor—public interest—favors a stay because it would "conserve judicial resources and avoid potentially unnecessary adjudication of these matters

---

[2] Defendants argue it is they who will suffer irreparable harm by the delay despite an expedited review process.

in state court." (ECF No. 33 at p. 8.) While certainly true, this court has repeatedly found such an argument uncompelling. *See Mayor & City Council of Baltimore*, 2019 WL 3464667, at *6, *supra*; *McFarland*, 2019 WL 5079777, at *3, *supra*. Further, the public interest is served by the "efficient administration of justice." *Infotek Corp. v. Preston*, No. CV CCB-18-1386, 2021 WL 4521330, at *3 (D. Md. Oct. 4, 2021). Accordingly, at best, the fourth factor is neutral in the court's analysis.

In sum, Defendants fail to demonstrate that any factor weighs significantly in favor of a stay. As the court succinctly stated in *Mayor and City Council of Baltimore*, "[D]efendants may seek, and the state court may issue, a stay pending the Fourth Circuit's resolution of the appeal of the remand. However, [D]efendants have not met their burden of demonstrating that *this* Court should issue a stay pending appeal." 2019 WL 3464667, at *6 (emphasis in original). Accordingly, it is this 22nd day of April 2024:

**ORDERED** that the Motion for Stay of Remand Order Pending Appeal (ECF No. 33) shall be, and is hereby, **DENIED**.

/s/_____
Julie R. Rubin
United States District Judge